**Rutland J. LABRY**

v.

**SOUTHERN PACIFIC COMPANY et al.**

**Civ. A. No. 6985.**

United States District Court
W. D. Louisiana,
Lafayette Division.

Jan. 7, 1963.

Peter C. Piccione, Piccione & Piccione, Lafayette, La., for plaintiff.

Bentley G. Byrnes, Byrnes & Wallace, New Orleans, La., and Richard C. Meaux, Davidson, Meaux, Onebane & Donohoe, Lafayette, La., for defendants.

PUTNAM, District Judge.

This suit was tried to the Court on the complaint of Rutland J. Labry, seeking damages suffered by him as a result of having been discharged from his employment as a brakeman on the Texas & New Orleans Railroad, such discharge having occurred on June 6, 1956.

Defendants are the Brotherhood of Railroad Trainmen and Southern Pacific Company, the original defendant Texas and New Orleans Railroad having merged with Southern Pacific on November 1, 1961. For reasons of clarity this defendant will be hereafter referred to as Southern Pacific Company. Plaintiff is a resident of Lafayette Parish, Louisiana; both defendants are non-residents of this State for purposes of diversity jurisdiction, and the matter is in this Court pursuant to 28 U.S.C.A. §§ 1332, 1337, and 45 U.S.C.A. § 151 et seq.

At the conclusion of the trial judgment was rendered in favor of the defendants, dismissing plaintiff's suit. Following are the findings and conclusions of the Court considered necessary for purposes of this decision:

## FINDINGS OF FACT

### I

Plaintiff Labry was employed as a brakeman by Southern Pacific Company during the year 1956 in Lafayette, Louisiana, attached to the Lafayette Division of said Carrier.

### II

Operations of defendant Southern Pacific Company were conducted pursuant to a Union Shop Agreement dated January 11, 1954, effective March 1, 1954.

### III

Defendant Brotherhood of Railroad Trainmen was the duly authorized collective bargaining representative for employees of the defendant Southern Pacific Company belonging to the craft or class of brakemen.

### IV

A Union Shop Agreement, effective March 1, 1954, was negotiated by the Brotherhood for the benefit of that Union as well as other Unions represented by it, including the Order of Railroad Conductors and Brakemen. This Agreement was in effect at the time Labry was discharged in 1956. (Exhibit "AA")

### V

One of the conditions for employment under the Union Shop Agreement as set out in Section 2 thereof, was and is, that all employees "shall hold or acquire membership in any one of the labor organizations, national in scope, organized in accordance with the Railway Labor Act * * * "

## VI

Labry was a member of the Order of Railroad Conductors and Brakemen, a Union national in scope, which membership was sufficient to afford him the status of an employee of Southern Pacific Company under the Union Shop Agreement.

## VII

Mr. S. F. Walker, Jr., an official of defendant, Brotherhood of Railroad Trainmen, and a member of the committee charged with enforcing the Union Shop Agreement, requested Labry to show his receipt for current payment of dues as evidence of his membership in a recognized Union during the latter part of March, 1956, and twice during the month of April, 1956. Such request was authorized under the provisions of Section 5(d) of the Agreement.

## VIII

Plaintiff was unable to show a current dues receipt for the month of March and advised Walker that he had left same at his home. As a matter of fact, Labry had paid his dues late and had not received the March receipt which had been left at a cleaning and pressing establishment in Lafayette, Louisiana, by the secretary-treasurer of the Order of Railroad Conductors and Brakemen, a Mr. Guchereau. He was likewise unable to show such receipt for the month of April when requested to do so, as he did not pay his dues for this month.

## IX

Labry did not pay his dues for April or May, 1956, until May 30, on which date he went to Mr. Guchereau's home and left his check with the treasurer's wife.

## X

By letter dated May 2, 1956, Walker reported that Labry was unable to show current dues receipt demonstrating membership in the Order of Railroad Conductors and Brakemen to the general chairman of Brotherhood of Railroad Trainmen, Mr. W. T. Meredith, and on May 4, 1956, Meredith requested the Carrier to notify Labry of his delinquency, as provided in Section 5(a) of the Union Shop Agreement.

## XI

On May 5, 1956, Mr. E. P. Evans, superintendent of the Lafayette Division of Southern Pacific Company, received such request and on May 12 caused written notice of this complaint, together with a copy of the Union Shop Agreement, to be delivered personally to Labry by B. A. Archer, one of the trainmasters stationed in Lafayette, Louisiana, such delivery being made on the same day.

## XII

At the time Archer delivered the notice and copy of the Union Shop Agreement to plaintiff he read to him Section 5(a) of this Agreement and impressed upon him the fact that it was a matter of importance and that he should comply with the Agreement in all respects.

## XIII

The Union Shop Agreement provides, in part, in Section 5(a) as follows:

"An employee so notified who disputes the fact that he has failed to comply with the terms of this agreement, shall, within a period of ten calendar days from the date of receipt of such notice, request the Carrier in writing by Registered Mail, Return Receipt Requested, or by personal delivery evidenced by receipt, to accord him a hearing."

Such agreement further provides in the same section that in the event the employee concerned does not request a hearing, the Carrier shall forthwith proceed to terminate his employment, with loss of seniority under the Rules and Working Conditions Agreements, within thirty calendar days from receipt of notice from the Brotherhood unless otherwise agreed in writing.

## XIV

Plaintiff made no request for hearing as provided in Section 5(a) above, and on June 6, 1956, Mr. Evans terminated

his employment by letter personally delivered to Labry.

### XV

By custom, Mr. Guchereau, secretary-treasurer of the Order of Railroad Conductors and Brakemen, permitted late or tardy payment of dues in that organization by leaving receipts at Buquor's Cleaners in Lafayette. This device was for convenience of the members only. The Constitution of that Union provides "Members failing to pay local dues or assessments on or before the last day of the month shall be automatically suspended." (See page 61, Section 29, Const. O. R. C. & B., Exhibit "J.")

### CONCLUSIONS

#### I

██ The Union Shop Agreement of January 11, 1954, effective March 1, 1954, was a contract authorized by the Railway Labor Act. (45 U.S.C.A. § 152. subds. 4, 5, and 11(a))

#### II

On notification of the complaint against him. Labry did not request a hearing, did not seek advice as to his rights under the Union Shop Agreement from anyone qualified to give such advice, until after the contract period had expired and his discharge had been demanded by the Brotherhood.

#### III

██ A tender and payment of dues after notification of failure to maintain Union membership and after the time for requesting a hearing has elapsed does not reinstate an employee as a member in good standing under the provisions of a Union Shop Agreement requiring membership in a Union national in scope as a condition for employment. If the practice of "free-loading" and belated payment of dues is considered sufficient to reinstate membership in the Union, or to arrest discharge proceedings already commenced against the delinquent employee, labor organizations would be denied effective enforcement of the security provisions in such contracts, as there would be no sanction for failure to maintain current Union membership. International Association of Machinists, AFL-CIO, v. N. L. R. B., 247 F.2d 414 (2 Cir. 1957); N. L. R. B. v. Technicolor Motion Pictures Corporation, 248 F.2d 348 (9 Cir. 1957); Cunningham v. Erie Railroad Company, 266 F.2d 411 (2 Cir. 1959); N. L. R. B. v. Pacific Transport Lines, Inc., 290 F.2d 14 (9 Cir. 1961); 36 A.L.R.2d 630; General Motors Corp., 49 LRRM 1283 (NLRB 1961); and Acme Fast Freight Co., 49 LRRM 1286 (NLRB 1961).

#### IV

The payment of delinquent dues by complainant on May 30, 1956, was too late to reinstate his membership in the Order of Railroad Conductors and Brakemen, or to arrest the discharge proceedings already commenced against him.

#### V

██ Plaintiff Labry contended at the trial that his discharge was brought about by reason of ulterior and discriminating motives, one of which was that his wife had filed a suit against the railroad for personal injuries sustained by her in a previous accident, which was pending at that time; the second being that he did not belong to the Brotherhood of Railroad Trainmen, but rather, was a member of the Order of Railroad Conductors and Brakemen. There is nothing in this record to support either of these claims except the unfounded suspicion of Mr. Labry himself and they are, accordingly, rejected.

#### VI

The discharge of Labry being lawful and in accordance with the terms of the Union Shop Agreement governing his employment, his suit is dismissed as to the defendants Brotherhood of Railroad Trainmen and Southern Pacific Company.

#### VII

The findings and conclusions which the Court has reached after consideration of the merits of this case make a decision of the issues presented by the pleas

**404**

of prescription filed by defendants unnecessary at this time. All rights under such pleas are reserved to them on appeal.

Formal decree should be prepared and presented for signature, in keeping with the foregoing